DAVIS *et al.*, Appellants, *vs.* BOWLING & ELY, Respondents.

1. In an action on a note made in another state, the burden of proof is on the defendant to show that the rate of interest on the face of the note is usurious.

*Appeal from Hannibal Court of Common Pleas.*

*Richmond & Lakenan*, for appellants, cited Story on Promissory Notes, §166–7 and notes. §181, 196. *Gordon* v. *Phelps*, 7 J. J. Marsh. 619. 4 ib. 238. *Hosford* v. *Nicholas*, 1 Paige's Rep. 226. 2 Kent's Comm. §39, p. 459–61.

*Wm. M. Cooke*, for respondents, cited *Leavenworth* v. *Brockway*, 2 Hill's (N. Y.) Rep. 201–3. *Allen* v. *Watson*, 2 Hill's (S. C.) Rep. 319–22. *Harrison* v. *Allnut*, 12 Louisiana, 465.

RYLAND, Judge, delivered the opinion of the court.

This was a suit by the plaintiffs against the defendants on a note executed by them to the plaintiffs in California. The note is as follows: " $2176. One day after date, we promise to pay Davis, Mellon & Co., two thousand one hundred and seventy-six dollars, for value received, with two and a half per cent. per month interest on same till paid. Bowling, Ely & Co. Sacramento City, September 24, 1850. Per D. S. E."

In their petition, the plaintiffs allege, that the note was made in the state of California, where all the parties lived at the time, and that, by the laws of the state of California, in existence when the note was executed, and still in existence, interest on money due at the rate of two and a half per cent. per month was not prohibited or made in any way illegal, and that the interest, as named in the note sued on here, was legal when and at the place where said note was executed.

The defendants answer, and set up several matters of defence, none of which is of importance, except that in relation to usury. On this subject, the answer is as follows : " They further say, that they do not know that two and a half per cent. per month was lawful interest in the state of California at the time of the making of said note, nor have they sufficient knowledge to enable them to form an opinion or belief, but they insist that said rate of interest is usurious, extortionate and unjust, and they demand that strict proof be required," &c. The bill of exceptions shows that the parties admitted that the note was made in California. After the evidence was closed, the plaintiffs asked the court to give the following instructions, numbered one and two :

1. That it devolves on the defendants, if they insist on usury, to show that two and a half per cent. per month was illegal interest at the place where the note sued on herein was executed.

2. The jury, should they find for the plaintiffs, must allow the plaintiffs interest on the note sued on herein, at the rate of two and a half per cent. per month, according to the face of the note, as the same is, in the absence of proof to the contrary, presumed to have been legal at the time and place where the note was made.

These instructions the court refused to give, the plaintiffs took a nonsuit, and afterwards moved to set it aside, which the court refused. The plaintiffs excepted, and bring the case here by appeal.

1. The defendants must be considered as setting up usury in

Davis *v.* Bowling.

their answer to this suit on the note, and the burden of proof rests upon them. He who pleads usury, in defence to an action on a note, takes upon himself to show the usury, and if he fail in his proof, he must suffer the consequences. The plaintiff, in such a case, is not bound to show, by proof, that there was not usury.

In the case of *Gordon* v. *Phelps*, 7 J. J. Marsh. 619, which was an action by Phelps against Gordon, in debt, upon a note executed and payable in New Orleans, stipulating for the payment of interest after maturity, at the rate of eight per cent. per annum, the court rendered judgment by default for principal and accruing interest, at the rate of eight per cent. The court of appeals of Kentucky held that, whatever might be the effect of a stipulation for such a rate of interest, on the face of a note executed in Kentucky, there was no pretence for giving any vitiating effect to it, when executed, as this was, in another state, whose laws, on that subject, are not made known to the court by appropriate pleading. The defendant was properly chargeable with interest, according to his agreement, up to the time of rendering the judgment, but there it should have stopped. The general rule is, that interest is to be paid on contracts, according to the law of the place where they are to be performed, in all cases where interest is expressly or impliedly to be paid. It is also a rule that interest is payable agreeably to the law of the place where the contract is made. Story on Prom. Notes, §166, 167. 1 Paige's Rep. 225. *Pawling's Adm'r* v. *Sartain*, 4 J. J. Marsh. 238.

The contract here was made in California; the note was payable one day after date; it may safely be said then, that it was to be performed there, as well as made there. On its face the interest was to be two and a half per cent. per month. The defendants allege this rate of interest to be usurious; it devolved on them, then, to prove the usury. Having failed to do so, the court should have given the instructions, as prayed for by the plaintiffs. The judgment must be reversed, and the cause remanded, the other judges concurring.